IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WANDA MOORE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 7:21cv452 |
| | ) |
| SAFEHOME SYSTEMS, INC. | ) |
| BOARD OF DIRECTORS | ) |
| | ) |
|    Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before me on the motion of plaintiff Wanda Moore ("Moore"), proceeding pro se, for leave to amend her complaint.[1] Dkt. 17. Defendant Safe Home Systems, Inc. Board of Directors ("Safe Home"), by counsel, opposes the motion to amend. Also pending is a motion to dismiss the original complaint. Dkt. 5. These motions are ripe, and no hearing is necessary. I recommend granting in part and denying in part Moore's motion for leave to amend by accepting Moore's proposed Amended Complaint with respect to the race discrimination claim[2] but not the hostile work environment claim and denying as moot the motion to dismiss.[3]

**I.    Background**

On August 25, 2021, Moore, proceeding pro se, filed a Complaint against Safe Home, alleging a claim for race discrimination under 42 U.S.C. § 1981.[4] Safe Home moved to dismiss

---

[1] This case has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A), and (b)(1)(B). Dkt. 12.

[2] Moore refers to this claim as a disparate treatment/intentional race discrimination claim.

[3] The Amended Complaint moots the motion to dismiss by attempting to cure the alleged defects in the original Complaint. See Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded.") aff'd, 610 Fed. Appx. 341 (4th Cir. 2015).

the Complaint. Moore moved for leave to amend to allege additional facts in support of her claim for race discrimination and to add a hostile work environment claim. Dkt. 17-1.

Moore alleges in her proposed Amended Complaint that she is an African American woman and a former employee of Safe Home. She worked in the human services field for over 30 years and, after serving as an intern at Safe Home for two years, was hired in December 2016 as the Underserved Outreach Coordinator. Moore enjoyed several intermediate promotions and in October 2018 was promoted to Executive Director. Moore alleges she did her job "very well" including managing the day-to-day operations, staff, and grant funding, and received positive performance evaluations. Moore alleges she began to "receive adverse treatment" from the Board President Janet Bryan and Treasurer Trudy Woodzell in April 2019, including questioning her intelligence and financial integrity, and showing favoritism and preferential treatment to non-African American employees in personnel issues. Moore was fired on July 3, 2019, and her replacement was a white woman. Moore claims that the stated reason for her termination – altering an agency document – was a pretext for discrimination and that there were "a host of disciplinary actions" Safehome could have used short of termination. In fact, she claims the white Executive Directors hired after her termination were treated more favorably.

## II.     Motion for Leave to Amend

Once the defendant files a responsive pleading, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. Furthermore, leave to amend

---

[4] Moore brings claims under 42 U.S.C. § 1981 which guarantees that all citizens shall have the same right to "make and enforce contracts . . . as is enjoyed by white citizens", as opposed to asserting her claims under Title VII of the Civil Rights Act of 1964. "In general, the elements of a claim under section 1981 largely track the elements of a claim for race discrimination in employment under Title VII of the Civil Rights Act of 1964." Sherman v. Marriott Hotel Servs., Inc., 317 F. Supp. 2d 609, 614 (D. Md. 2004) citing Gairola v. Commonwealth of Virginia Department of General Services, 753 F.2d 1281, 1285 (4th Cir.1985).

"shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Here, Safe Home opposes granting leave to amend on the grounds of futility, arguing that Moore's proposed amended complaint fails to allege either a race discrimination or hostile work environment claim.[5]

 Leave to amend would be futile when the amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). Still, leave to amend should only be denied for futility "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, while the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Employment discrimination claims carry no heightened pleading standard. See Swierkiewicz v. N. A., 534 U.S. 506, 511 (2002) (noting that the court has "never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard

---

[5] Safe Home does not argue that leave to amend should be denied on the grounds of prejudice or bad faith, and I likewise find that neither applies here.

that plaintiffs must satisfy in order to survive a motion to dismiss"); see also Twombly, 550 U.S. at 569–70.

### A. Race Discrimination Claim

A plaintiff may "ultimately prove a race-discrimination claim under § 1981 through 'direct or circumstantial evidence showing that an adverse employment action was [caused] by intentional discrimination aimed at the plaintiff's [race],' or through the 'burden-shifting framework' of McDonnell Douglas Corp. v. Green, 411 U.S. 792, (1973)." Ali v. BC Architects Engineers, PLC, 832 F. App'x 167, 171 (4th Cir. 2020), as amended (Oct. 16, 2020). "Absent direct evidence[6], the elements of a prima facie case of discrimination are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (providing the elements of a prima facie case of discrimination under Title VII).[7] Safe Home primarily criticizes the proposed Amended Complaint for failing to provide suitable comparators, arguing Moore "failed to show that similarly situated non-Black employees were treated more favorably than her." D.'s Br. at 5-6, Dkt. 19. However, a "plaintiff is not required as a matter of law to point to a similarly situated comparator in order to succeed on a discrimination claim." Laing v. Fed. Exp. Corp., 703 F.3d

---

[6] Direct evidence is "evidence from which no inference is required. To show race discrimination by direct evidence, a plaintiff typically must show discriminatory motivation on the part of the decisionmaker involved in the adverse employment action." Cherry v. Elizabeth City State Univ., 147 F. Supp. 3d 414, 421 (E.D.N.C. 2015). Without direct evidence of discrimination, a plaintiff must use the burden-shifting framework established in McDonnell Douglas Corp. v. Green. See Matias v. Elon Univ., 780 F. App'x 28, 30 (4th Cir. 2019).

[7] Similarly, to establish a prima facie case of termination based on race under McDonnell Douglas, "a plaintiff must show (1) he is a member of a protected class, (2) he was discharged, (3) he was fulfilling his employer's legitimate expectations at the time of his discharge, and (4) he was treated differently than a similarly situated employee outside the protected class." Benson v. Vaughn Indus. LLC, 450 F. Supp. 3d 655, 667 (E.D.N.C. 2020).

713 (4th Cir. 2013); Bryant v. Aiken Reg'l Med. Centers Inc., 333 F.3d 536, 546 (4th Cir. 2003). Of course, plaintiffs who rely on similarly situated comparators to show unlawful discrimination must demonstrate that the similarity between the comparators is "clearly established in order to be meaningful." [8] Swaso v. Onslow Cty. Bd. of Educ., 698 F. App'x 745, 748 (4th Cir. 2017), as amended (Aug. 11, 2017) (citing Lightner v. City of Wilmington, 545 F.3d 030, 265 (4th Cir. 2008)) (internal quotations omitted). Still, I need not determine whether the alleged comparators are sufficiently similar at this stage. See Woods v. City of Greensboro, 855 F.3d 639, 650 (4th Cir. 2017).

Moore's proposed Amended Complaint satisfies the elements for a race discrimination claim such that it is not futile. Indeed, "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," because "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz, 534 U.S. at 510–515.  Liberally construing Moore's proposed Amended Complaint, Moore seems to pursue a claim of race discrimination based on racially discriminatory discharge. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, she also alleges elements of a race discrimination claim based on racially discriminatory enforcement of disciplinary measures. A plaintiff can prove disparate treatment by showing she was disciplined more severely than a similarly situated white employee (discriminatory enforcement of disciplinary measures) or by showing that her replacement after termination was a similarly situated white employee (discriminatory discharge). See Moore v. Penfed Title, LLC, No. 1:20-CV-0867, 2021 WL 2004785, at *10 (E.D. Va. May 18, 2021) (noting that, "[d]iscriminatory termination and discriminatory

---

[8] For a comparator from a non-protected class to be considered "similarly situated" a plaintiff must prove they are similarly situated "in all relevant respects." Crawford v. Dep't of Corr. Educ., No. 3:11-cv-430, 2011 WL 5975254, at *6 (E.D. Va. Nov. 29, 2011) quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 258 (1981).

enforcement of employee disciplinary measures are separate causes of action"). Proving discriminatory discharge generally requires that a plaintiff show she was performing at a level that met her employer's legitimate expectations, but a claim for discriminatory enforcement of disciplinary measures does not. See Jones v. Southcorr, L.L.C., 324 F. Supp. 2d 765, 777 (M.D.N.C.), aff'd sub nom. Jones v. Southcorr, LLC, 117 F. App'x 291 (4th Cir. 2004) (noting that the "elements of [these] prima facie cases are different" and thus analyzing them separately in deciding a motion for summary judgment).

To establish a prima facie case of discriminatory discharge, Moore must show: (1) she is a member of a protected class; (2) she suffered from an adverse employment action; (3) at the time the employer took the adverse employment action she was performing at a level that met her employer's legitimate expectations; and (4) that the position remained open or was filled by a similarly qualified applicant outside the protected class. See King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003)[9] (noting that when the claim is discriminatory termination, instead of race discrimination based on disparate treatment, the elements are altered slightly); see also Jones, 324 F. Supp. 2d at 781; Moore v. Penfed Title, LLC, No. 1:20-CV-0867, 2021 WL 2004785, at *6 (E.D. Va. May 18, 2021) (noting similar elements for a *prima facie* case for wrongful termination in violation of Title VII).

To establish a prima facie case of discrimination for a disparate discipline claim, the plaintiff must show: (1) she is a member of a protected class; (2) the prohibited conduct in which she engaged was comparable in seriousness to misconduct of employees outside the protected

---

[9] Similarly, in Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004), the Fourth Circuit wrote that to establish a prima facie case that a plaintiff was wrongfully terminated on the basis of race in violation of 42 U.S.C. § 1981, he must show that: (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances.

class; and (3) the disciplinary measures enforced against her were more severe than those enforced against those other employees. Mahomes v. Potter, 590 F. Supp. 2d 775, 781 (D.S.C. 2008) citing Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir.1993).

Moore, as an African American woman, is a member of a protected class. See Gbenoba v. Montgomery Cty. Dep't of Health & Human Servs., 209 F.Supp.2d 572, 576 (D. Md. 2002) (recognizing that African Americans are a protected class), aff'd, 57 Fed.Appx. 572 (4th Cir. 2003). Moore alleges that she was terminated, that at the time of the termination she was performing her job satisfactorily, including receiving positive performance evaluations, and that she was replaced by a person outside of the protected class. Thus, the proposed Amended Complaint states sufficient facts to state the elements of a claim for discriminatory discharge so as to be non-futile. Likewise, Moore states a non-futile claim for disparate discipline, including that Safe Home terminated her for an issue "that could have been easily resolved with proper communication" and should have been addressed with disciplinary action short of termination, and the Executive Directors hired after her were both white and both received more favorable treatment for disciplinary infractions. Thus, I recommend granting the motion to amend the complaint regarding the claim for race discrimination.

### B. Hostile Work Environment Claim

The elements of a claim for a racially hostile work environment[10] are that the harassment was (1) unwelcome, (2) based on race, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and (4) that there is some basis for imposing liability on the employer. See Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183–84 (4th Cir.

---

[10] The elements of a hostile work environment claim are the same under either § 1981 or Title VII. See Spriggs, 242 F.3d at 184.

7

2001). A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Irani v. Palmetto Health, No. 16-2439, 2019 WL 1556133, at *13 (4th Cir. 2019). (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Moore alleges two statements made by Board members to support her hostile work environment claim. In the first, two weeks before she was fired, the Treasurer stated, "I don't know how long I will stay on this board if she keeps this up." In the second, which occurred on the day of termination, Moore was told "Leave now, we don't want your drama." These allegations do not show that the alleged harassment was sufficiently severe or pervasive to alter the conditions of employment or create an abusive atmosphere. This third element requires a showing that "the environment would reasonably be perceived, and is perceived, as hostile or abusive." Boyer-Liberto v. Fontainbleau Corp., 786 F.3d 264, 277 (4th Cir. 2015). The court determines whether an environment is objectively hostile by looking at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Boyer-Liberto, 786 F.3d at 277 (quoting Harris, 510 U.S. at 23). To establish a hostile or abusive environment, the plaintiff must show "more than simply teasing, offhand remarks, and isolated incidents (unless 'extremely serious')." Cepada v. Bd. of Educ. of Baltimore Cty., 814 F. Supp. 2d 500, 511 (D. Md. 2011) (noting that physical threats indicate an abusive environment); EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008) (noting that "Title VII does not establish 'a general civility code for the American workplace"). "[I]ncidents that would objectively give rise to bruised or wounded feelings will

not on that account satisfy the severe or pervasive standard." Evans v. Int'l Paper Co., 936 F.3d 183, 192 (4th Cir. 2019) (internal citation omitted). "Thus, rude treatment from coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable." Id.

Moore's allegations do not meet the required standard.[11] Likewise, Moore does not establish that the alleged harassment was based on her race. To establish this second element, Moore must sufficiently plead that "but for" her race, she "would not have been the victim of the alleged discrimination." Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 142 (4th Cir. 2007)). Accordingly, I recommend denying without prejudice the motion for leave to amend the complaint to add a hostile work environment claim.

### III. Conclusion

I **RECOMMEND** granting in part and denying in part Moore's motion for leave to amend, and accepting Moore's proposed Amended Complaint only with respect to count I, race discrimination. I **RECOMMEND** granting Moore 14 days to file a motion for leave to file a Second Amended Complaint, along with a proposed Second Amended Complaint, in the event that she wishes to pursue a hostile work environment claim.

The clerk is directed to transmit the record in this case to Michael F. Urbanski, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected

---

[11] Likewise, the statements attributed to the Treasurer in Moore's response to Safe Home's brief do not rise to the level of a hostile work environment. Apparently, the Treasurer told an outside consultant (about Moore), "I hope we hired a Director who can do a spreadsheet" and stated during a meeting that "She had to keep a close eye on the checking account since I was on it with her." Pl.'s Br. at 8, Dkt. 20.

to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including the waiver of the right to appeal.

    Entered: December 22, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge